UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WEST HERNANDO DIAGNOSTIC
AND M.R. CENTER, INC., d/b/a
WEST HERNANDO DIAGNOSTIC
CENTER-BROOKSVILLE,

    Plaintiff,

        vs.                          Case No.:

PRAXAIR, INC.,

    Defendant.
_____/

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, Praxair, Inc. ("Praxair"), hereby files this notice to remove an action pending against it in the Circuit Court of the Florida Fifth Judicial Circuit, in and for Hernando County, Brooksville, Florida, captioned as *West Hernando Diagnostic and M.R. Center, Inc., d/b/a West Hernando Diagnostic Center-Brooksville v. Praxair, Inc.,* Case No. CA-14-593 (the "Action"), to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. The grounds for removal are as follows:

### THE REMOVED CASE

1.     This is a property damage action in which the plaintiff, West Hernando Diagnostic and M.R. Center Inc., d/b/a West Hernando Diagnostic Center-Brooksville alleges that Praxair, by and through its agent, employee, or apparent agent, negligently performed maintenance on plaintiff's MRI machine and caused the machine's gradient coil to freeze, which resulted in damages. *See* Amended Complaint, ¶¶ 8(1)-(4), attached as <u>Exhibit 1</u>.

2. Plaintiff commenced the Action by filing its Complaint on April 8, 2014, in the Circuit Court of the Florida Fifth Judicial Circuit, Hernando County, Florida, and the case was docketed as CA-14-593.

3. Praxair was served with a copy of the Complaint on April 24, 2014. *See* original Complaint and Corporation Service Company's Notice of Service of Process, attached as Composite Exhibit 2. Plaintiff then served an Amended Complaint on counsel for Plaintiff on May 22, 2014. *See* Exhibit 1.

## MEMORANDUM OF LAW

4. The Action could have been originally filed in this Court pursuant to 28 U.S.C. §§ 1332 and 1367, in that there is complete diversity among the parties, and the amount in controversy exceeds the statutory threshold of $75,000, exclusive of fees and costs.

### Removal notice is timely.

5. Removal is timely because it is made within 30 days of Praxair's receipt of service of the summons and Complaint. 28 U.S.C. § 1446(b).

### Venue is proper.

6. Venue is proper under 28 U.S.C. § 1391 because this Court is in the judicial district in which a substantial part of the events giving rise to the claim occurred, and under 28 U.S.C. § 1441(a) in that this is the district embracing the place where the lawsuit was filed.

### Complete diversity exists among the parties.

7. This is a civil action that falls under the Court's original jurisdiction pursuant to 28 U.S.C. § 1332 and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446. Pursuant to 28 U.S.C. § 1441(b), removal is proper if none of the parties in interest properly joined and served as defendant is a citizen of the State in which such action is brought.

8. Complete diversity of citizenship exists among the parties.

9. At all relevant times, upon information and belief, plaintiff is and was a Florida corporation with its principal place of business in Florida. Complaint, ¶ 4.

10. Praxair is a Delaware corporation with its principal place of business in Danbury, Connecticut, and, thus, is a citizen of Delaware and Connecticut for purposes of determining diversity. 28 U.S.C. § 1332(c)(1). Praxair is not and was not a citizen of the State of Florida within the meaning of the statutes relating to the removal of cases.

11. Accordingly, there is complete diversity among the parties, and removal is proper under 28 U.S.C. § 1332(a)(1).

**The amount in controversy requirement is satisfied.**

12. The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied in this case in that the amount in controversy exceeds $75,000, exclusive of interest and costs. "The amount in controversy is the amount required to satisfy the plaintiff's demands in full on the day the suit begins, or in the event of removal, on the day the suit was removed." *Wald v. Brink's, Inc.*, 2010 WL 2608990 (N.D. Ind., June 25, 2010) (internal citations omitted). When "damages are not specified in the state-court complaint, the defendant seeking removal must prove by a preponderance of the evidence the 'amount in controversy more likely than not exceeds...the jurisdictional requirement.'" *Candelaria v. Toys "R" Us- Delaware, Inc.*, 2014 WL 793350, *1 (M.D. Fla., February 27, 2014), citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). A removing defendant, however, is not required to demonstrate that the amount in controversy meets the jurisdictional requirement "beyond all doubt or to banish all uncertainty about it." *Id.*, citing *Pretka v. Kolter Cuty Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). "A party seeking removal within the first thirty days after service is not restricted in the types of evidence it may use to satisfy the jurisdictional requirements for removal." *Pretka*, 608

F.3d at 755. Further, district courts need not "suspend reality" or "shelve common sense" when determining whether the jurisdictional limit has been satisfied. *Id.* at 770.

13. Here, plaintff alleges its MRI machine was permanently damaged and diminished in value. Complaint, ¶ 9. Additionally, prior to the filing of the lawsuit, plaintiff, through its counsel, provided documentation to Praxair demonstrating that the cost incurred by plaintiff in repairing the MRI machine was $99,400. <u>Exhibit 3</u>. Plaintiff demanded $100,000 from Praxair to resolve this matter. Further, plaintiff alleges that it incurred repair expenses and loss of use during the period required for the repair and/or replacement of the machine. Complaint, ¶ 9, <u>Exhibit 3</u>.

14. Accordingly, the amount-in-controversy requirement is satisfied, and this case is subject to removal to this Court.

**<u>This Notice satisfies the requirements of 28 U.S.C. § 1446.</u>**

15. As required by 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders in the possession of Praxair in the removed case are attached hereto as <u>Exhibit 1</u> and <u>Exhibit 2</u>, and are incorporated herein by reference.

16. Pursuant to 28 U.S.C. § 1446(d), Praxair is filing a written notice of this removal with the Circuit Court of the Florida Fifth Judicial Circuit, Hernando County, Florida, a copy of which is attached as <u>Exhibit 4.</u> Further, a copy of this Notice of Removal, and all accompanying papers, are also being served on plaintiff's counsel as required by 28 U.S.C. § 1446(d).

WHEREFORE, defendant, Praxair, Inc., respectfully removes this case from the Circuit Court of the Florida Fifth Judicial Circuit in and for Hernando County, Sitting at Brooksville, Florida, to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted,

/s/ Brandon Faulkner
Stacy D. Blank
Florida Bar No. 772781
Trial Counsel
stacy.blank@hklaw.com
Brandon Faulkner
Florida Bar No. 058560
Trial Counsel
brandon.faulkner@hklaw.com
HOLLAND & KNIGHT LLP
100 N. Tampa Street, Suite 4100
Tampa, FL 33602-3644
Telephone: (813) 227-8500
Fax: (813) 229-0134
*Attorneys for Defendant, Praxair, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on May 23, 2014, a true and correct copy of the foregoing has been furnished by e-mail and U.S. Mail on the following:

Alfred J. Tetlow
LAW OFFICES OF PSETAS, MOORE & TETLOW P.A.
10816 U.S. Highway 19 North, Suite #105
Port Richey, FL 34668
jefftetlow@psetaslaw.com
*Counsel for Plaintiff*

/s/ Brandon Faulkner
Attorney